IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, §

    Plaintiff, § CASE NO. 18–20104–CR–Cooke

v. §

ALI NASREDDINE KASSIR, §

    Defendant. §
_____/

## **UNOPPOSED OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

    **COMES NOW,** the Defendant, Ali Nasreddine Kassir, by and through his undersigned counsel, and hereby respectfully submits this objection to the Presentence Investigation Report ("PSR"), without opposition from the government. Assistant United States Attorney Michael Thakur agrees with the defense position on this proposed two–level enhancement. In support thereof, Mr. Kassir offers the following:

    1.    Mr. Kassir objects to the two–level enhancement under U.S.S.G. § 2S1.3(b)(1)(A) as proposed by the probation office in paragraph 67 of the PSR.

    2.    The prosecution did not suggest nor include the two–level enhancement at the time the plea agreement was entered into. The government is not seeking that two–level enhancement and agrees it should not apply. (*See* PSR, ¶116.)

*United States of America v. Ali Nasreddine Kassir*
Case No. 18-20104-CR-Cooke
Unopposed Objection to the Presentence Investigation Report
Page 2 of 6

3.    Mr. Kassir pleaded guilty to passport fraud in violation of 18 U.S.C. § 1542, and to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (DE #61)

4.    Applying U.S.S.G. § 2S1.3(b)(1)(A) unfairly and devastatingly would result in Mr. Kassir's guideline range base offense level in the conspiracy to commit money laundering group increasing from 22 to 24, and his total offense level increasing from 26 to 28.

5.    At Mr. Kassir's Criminal History Category I, the application of the enhancement means an increase from 63-78 months to 78-97 months.  (This calculation takes into account a three-level reduction for Mr. Kassir's acceptance of responsibility which has been submitted to probation.)

6.    U.S.S.G. § 2S1.1 covers "Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity." Violations of 18 U.S.C. § 1956(h) (conspiracy to commit money laundering) and violations of 18 U.S.C. § 1960 (conducting an unlicensed money transmitter business) are covered under the same guideline.

7.    For the purpose of calculating Mr. Kassir's sentencing guidelines, the underlying offense as calculated by the probation office is "conducting an unlicensed money transmitter business" which is found in U.S.S.G. § 2S1.3(a)(2).  Consequently, Mr. Kassir's base offense level in the money laundering conspiracy group is 22 (6,

*United States of America v. Ali Nasreddine Kassir*
Case No. 18–20104–CR–Cooke
Unopposed Objection to the Presentence Investigation Report
Page 3 of 6

plus 16 offense levels from the table in U.S.S.G. § 2B1.1 because the offense involved more than $1.5 million but less than $3.5 million).

8.     Because Mr. Kassir was convicted under 18 U.S.C. § 1956(h), his adjusted offense level in the conspiracy to commit money laundering group is increased by a total of four levels: two under the "money laundering" enhancement[1] and another two levels under the "sophisticated laundering" enhancement[2].

9.     The probation office now seeks to increase Mr. Kassir's sentence by applying an *additional* two–level enhancement under U.S.S.G. § 2S1.3(b)(1)(A) because "it appears" Mr. Kassir "knew or believed that the funds were proceeds of unlawful activity or were intended to promote unlawful activity." (PSR, ¶116.)

10.   In the instant case, the enhancement constitutes "double counting." Mr. Kassir did not plead to a separate count of conducting an unlicensed money transmitter business. Rather, conducting an unlicensed money transmitter business is being used to calculate Mr. Kassir's base offense level because it is the most serious underlying offense within the underlying offenses for the money laundering activity.

---

[1] U.S.S.G. § 2S1.1(b)(2)(B).
[2] U.S.S.G. § 2S1.1(b)(3).

*United States of America v. Ali Nasreddine Kassir*
Case No. 18–20104–CR–Cooke
Unopposed Objection to the Presentence Investigation Report
Page 4 of 6

11. Simply put, Mr. Kassir pleaded guilty under 18 U.S.C. § 1956(h) (conspiracy to commit money laundering). The same aspect of Mr. Kassir's conduct is already fully taken into account under the guideline for a violation of 18 U.S.C. § 1956(h), which is what Mr. Kassir was charged with and pleaded to violating. The element of "knowledge" that the funds were proceeds of an unlawful activity is part and parcel of the money laundering offense; Mr. Kassir is already receiving a two-level enhancement for that.

12. Impermissible double counting occurs when one part of the guidelines is applied to increase the defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the guidelines. *United States v. Bourne*, 130 F.3d 1444 (11th Cir. 1997) (holding that, in a bank robbery case, the defendant should not have been assessed both a three-level increase for brandishing a dangerous weapon and an additional two-level increase for making a threat of death).

13. The probation office is using the exact same conduct in the conspiracy to commit money laundering offense in applying an additional specific offense characteristic enhancement of two levels under U.S.S.G. § 2S1.3(b)(1)(A). Thus, because Mr. Kassir's conduct was fully accounted for by application of another (and proper) part of the guidelines, enhancing Mr. Kassir's sentence under U.S.S.G. § 2S1.3(b)(1)(A) constitutes double counting and should not be applied.

*United States of America v. Ali Nasreddine Kassir*
Case No. 18-20104-CR-Cooke
Unopposed Objection to the Presentence Investigation Report
Page 5 of 6

14. It is undersigned counsel's position — and the government's — that the intent of the Sentencing Commission was to apply the U.S.S.G. § 2S1.3(b)(1)(A) enhancement to those defendants who were convicted of one of the offenses covered by U.S.S.G. § 2S1.3. Mr. Kassir was not convicted of conducting an unlicensed money transmitter business.

15. Undersigned counsel contacted the United States Sentencing Commission on March 19, 2019 and spoke with Senior Attorney Ebise Bayisa about this objection. Ms. Bayisa stated that "there is no case law" on this issue.

16. Undersigned counsel met with Assistant United States Attorney Michael Thakur, the prosecutor assigned to the case at Bar. Mr. Thakur advised that he does not object to this motion being granted and authorized undersigned counsel to so state.

**WHEREFORE**, the Defendant, ALI NASREDDINE KASSIR, by and through his undersigned counsel, respectfully requests this court grant this objection and not apply the enhancement under U.S.S.G. § 2S1.3(b)(1)(A), and to direct the probation office to modify the PSR accordingly.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 25th day of March 2019.

*United States of America v. Ali Nasreddine Kassir*
Case No. 18–20104–CR–Cooke
Unopposed Objection to the Presentence Investigation Report
Page 6 of 6

Respectfully submitted,

JEFFREY S. WEINER, P.A.
  ATTORNEYS AT LAW
Two Datran Center, Suite 1910
9130 South Dadeland Blvd.
Miami, Florida 33156–7858
305 670–9919
305 670–9299 Fax
lawfirm@jeffweiner.com

By:   */s/Jeffrey S. Weiner*
      JEFFREY S. WEINER, ESQUIRE
      Florida Bar No. 185214


By:   */s/Annabelle H. Nahra*
      ANNABELLE H. NAHRA, ESQUIRE
      Florida Bar No. 96072


By:   */s/Diego Weiner*
      DIEGO WEINER, ESQUIRE
      Florida Bar No. 122454